NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD ANTHONY RIVERS, Sr., | No.   16-35732 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00101-FVS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted April 20, 2018[**]

Before:    FARRIS, CANBY, and LEAVY, Circuit Judges.

Richard Rivers Sr. appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for supplemental

security income under Title XVI of the Social Security Act.  Reviewing de novo,

we may set aside a denial of benefits only if it is not supported by substantial

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

evidence, or if the administrative law judge ("ALJ") applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm.

The ALJ provided specific, clear and convincing reasons for finding that Rivers' statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. First, the ALJ reasonably found that Rivers' daily activities were inconsistent with the limitations he described. *See Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (holding that when weighing credibility, an ALJ may consider a claimant's daily activities). Second, the ALJ reasonably found that Rivers' treatment was essentially conservative in nature, and this was a valid basis for questioning Rivers' credibility concerning the severity of his condition. *See Parra v. Astrue*, 481 F.3d 742, 750-51d (9th Cir. 2007). Third, the ALJ reasonably concluded that the medical record did not support Rivers' claim that his chronic cough and asthma totally disabled him. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ's reliance on Rivers' continued smoking, despite doctors' warnings to the contrary, as a basis to discredit his credibility was harmless error. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

The ALJ provided specific and legitimate reasons for discounting the medical opinions of Dr. Loewen and Dr. John Arnold. Concerning evaluations of Rivers' mental impairments, the ALJ reasonably assigned greater weight to Dr. Jay

Toew's and Dr. Thomas McKnight's opinions – that Rivers was not disabled from mental health symptoms – than to Dr. Arnold's opinion, which concluded that Rivers was disabled by a major depressive order. First, the ALJ reasonably relied on Dr. McKnight's testimony that most of the symptoms that Dr. Arnold claimed to have observed – such as Rivers' poor sleep, nightmares, and limited interest – could not have been observed by Dr. Arnold. *Bray*, 554 F.3d at 1228. Second, the ALJ accurately noted that Dr. Arnold's conclusions were an outlier where Dr. Loewen never diagnosed any mental issues over his many years of treating Rivers. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2008) (holding that an ALJ may discredit a physician's opinion that is unsupported by the record). Finally, the ALJ erred in noting that Dr. Arnold used a check box form, *Trevizo v. Berryhill*, 871 F.3d 664, 677 at f.n. 4 (9th Cir. 2017). This error, however, was harmless. *Molina*, 674 F.3d at 1121-22. Accordingly, the ALJ provided specific and legitimate reasons for discounting Dr. Arnold's opinion on Rivers' alleged mental impairments. *Batson*, 359 F.3d at 1195.

Concerning evaluation of Rivers' physical limitations, the ALJ provided a specific and legitimate reason for giving little weight to Dr. Loewen's opinion that Rivers was totally disabled due to severe cough, human papillomavirus, and asthma. The ALJ reasonably concluded that Dr. Loewen's opinion was inconsistent with the less severe symptoms documented in his contemporaneous

16-35732

chart notes. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that a specific and legitimate reason for rejecting a physician's opinion includes inconsistency with medical records). As the Commissioner concedes, the ALJ erred in discounting Dr. Loewen's assessments because they were prepared as part of a State of Washington Department of Social and Health Services report. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995). Such error was harmless, however, because the ALJ offered another valid reason for rejecting Dr. Loewen's conclusions. *Molina*, 674 F.3d at 1115.

**AFFIRMED**.